UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   07-CIV 9233
MARIA PAULINO a/k/a MARIA DELOSANGELES

        Plaintiff  **COMPLAINT AND DEMAND**
                 **FOR JURY TRIAL**

  vs.

CITY OF NEW YORK, RAYMOND W. KELLY,
individually and as Commissioner of the New
York Police Department, JOHN DOE #1 , #2 and #3,
unknown employees of the New York City
Police Department, individually and as police officers
and supervising police officers of the City of New York,

        Defendant
--------------------------------------------------------------------X

## INTRODUCTION

1. This is an action for damages for the wrongful acts of defendants NEW YORK CITY ,RAYMOND W. KELLY, individually and as COMMISSIONER OF THE NEW YORK CITY POLICE DEPARTMENT, and JOHN DOE #1 , #2 and #3 unknown employees of the New York City Police Department individually and as police officers and supervising police officers of the City of New York, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights under the Constitution and laws of the United States and the State of New York.

2. Plaintiff alleges that beginning on or about August 29, 2006, defendants committed wrongful and illegal acts against plaintiff, intentionally inflicting emotional distress on plaintiff PAULINO, falsely arresting plaintiff PAULINO, falsely imprisoning plaintiff PAULINO, maliciously prosecuting plaintiff PAULINO, violating the Federal and State civil rights of plaintiff PAULINO, and other wrongful acts, and that plaintiff PAULINO was damaged thereby.

## **JURISDICTION**

3. This action is brought under 42 U.S.C. Section 1983 in conjunction with the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of the New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions and pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

5. Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action, pursuant to 28 U.S.C. 1367.

6. Venue is laid within the United States District Court for the Southern District of New York in that the incident arose in the Southern District of New York.

7. Plaintiff demands a trial by jury on each and every one of her claims as pled herein.

## **PARTIES**

8. At all times relevant herein, plaintiff PAULINO was a resident of the United States. Plaintiff is a resident of New York County, in the City and State of New York.

9. At all times relevant hereto, defendants NEW YORK CITY was and is a municipality organized under the laws of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

10. At all times relevant hereto, defendant RAYMOND W. KELLY was and is Commissioner of the New York City Police Department, was employed by New York City, and acting under color of state law.

11. Defendants JOHN DOE #1, #2 and #3 are officers of the New York City Police Department, whose names are currently unknown or unverified, who were employed by the New York City Police Department and acting under color of state law. Plaintiff intends to discover the identity of these individual. They are being sued in their individual and official capacity.

12. At all times relevant hereto and in all their actions described herein, the defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

13. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of plaintiff.

## NOTICES OF CLAIM

14. On or about November 20, 2006, plaintiff's Notices of Claim was duly filed with the Comptroller's Office of the City of New York; said Notices were filed within the 90 days after the causes of action accrued. More than thirty days have elapsed since the filing of said Notices and this matter has not been settled or otherwise disposed of. This matter was commenced within one year and ninety days after the causes of action described herein accrued.

15. After proper demand by the City of New York, a hearing pursuant to General Municipal Law 50-H was held.

## FACTUAL BACKGROUND

16. On August 29, 2007, at approximately 1:25pm, plaintiff was at the corner of 37th Street and Broadway, New York, New York using a public telephone.

17. Without cause or justification, and in violation of the rights described above and other federal and state statutory and common law, defendants John Doe #1, #2 and #3, police officers of the New York City Police Department acting under color of state law, falsely arresting plaintiff PAULINO, falsely imprisoning plaintiff PAULINO, maliciously prosecuting plaintiff MARIA PAULINO, without just cause

18. Plaintiff PAULINO was taken to the 17 Precinct where she was searched and issued a summons .

19. At no time did plaintiff PAULINO commit any offense against the laws of the State of New York for which an arrest may be lawfully made. At no time did plaintiff PAULINO commit any illegal acts, or engage in conduct which in any way justified the actions of the police.

20. As a direct and proximate result of defendants' actions, plaintiff PAULINO was illegally detained for 6 hours.

21. The physical and verbal assault of plaintiff PAULINO, the filing of false criminal charges against plaintiff PAULINO and plaintiff PAULINO's wrongful imprisonment, were, because of defendant police officers' knowledge of a lack of any legitimate cause or justification, intentional, malicious, reckless, and in bad faith.

22. As a direct and proximate result of all defendants' actions, plaintiff PAULINO suffered and continues to suffer serious physical injury, psychological and emotional distress, damage to her reputation and other damage, some or all of which is or may be permanent.

23. As a direct and proximate result of defendants' actions, plaintiff PAULINO was arrested and detained without just or probable cause.

24. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

25. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers, including the defendant police officers, with regard to the right of citizens, thereby causing the defendant officers in this case to engage in the unlawful conduct described above.

26. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

27. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct employees within the Department of Corrections, thereby causing the defendant employees in this case to engage in the unlawful conduct described above.

### COUNT ONE:  VIOLATION OF CONSTITUTIONAL RIGHTS
### (Defendants John Doe #1,  #2 and #3)

28. Plaintiff repeats and realleges the allegations contained in paragraph 1- 27 of this complaint, as though fully set forth herein.

29. The actions of the defendants John Doe #1, #2 and #3, all members of the New York City Police Department, and both acting under color of state law, deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in her person and property, to be free from excessive force, to be free from false arrest, false imprisonment, malicious prosecution, and to due process.

30. By these actions, these individual defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Sections 1983, for which the defendants are individually liable.

### COUNT TWO: VIOLATION OF CONSTITUTIONAL RIGHTS
### (Defendants Kelly John Doe #1, #2 and #3)

31. Plaintiff repeats and realleges the allegations contained in paragraph 1-31 of this complaint, as though fully set forth herein.

32. Defendants Kelly and John Doe #3 displayed a deliberate indifference to the illegal conduct of the defendant officers under their supervision by failing to discipline these officers in any way for their illegal conduct, both with respect to plaintiff, and prior to their encounter with plaintiff, and by permitting these officers to charge plaintiff PAULINO with a felony even though Officers John Doe #1, #2 and #3 knew her to be innocent of any wrongdoing. By these actions and omissions, defendants John Doe #1, #2 and #3 are in violation of 42 U.S.C. 1983, for which they are individually liable.

### COUNT THREE: VIOLATION OF CONSTITUTIONAL RIGHTS
### (Defendant New York City)

33. Plaintiff repeat and realleges the allegations contained in paragraph 1-33 of this complaint, as though fully set forth herein.

34. The acts and conduct of defendant New York City as set forth above deprived plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in her person and property, to be free from excessive force, to be free from unlawful seizure, false imprisonment or false arrest, and from malicious prosecution, and to due process.

35. By these actions, defendant New York City has deprived plaintiff of rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

## COUNT FOUR: CONSPIRACY TO VIOLATE CIVIL RIGHTS
### (All Defendants)

36. Plaintiff repeats and realleges the allegations contained in paragraph 1-36 of this complaint, as though fully set forth herein.

37. The individual defendants conspired to violate plaintiff's civil rights by agreeing among themselves to use excessive force, to falsely charge plaintiff PAULINO with numerous crimes, as described more fully in the forgoing paragraphs, in violation of 42 U.S.C. 1983, for which defendants are individually liable.

## COUNT FIVE: FALSE ARREST AND FALSE IMPRISONMENT
### (All Defendant)

38. Plaintiff repeats and realleges the allegation contained in paragraph 1-38 of this complaint, as though fully set forth herein.

39. The acts and conduct of the defendants, as alleged in the foregoing paragraphs, constitute false arrest and false imprisonment under the laws of the State of New York. This court has pendent jurisdiction to hear and adjudicate such claims.

### COUNT SIX: MALICIOUS PROSECUTION
### (All Defendants)

40.   Plaintiff repeats and realleges the allegation contained in paragraph 1-40 of this complaint, as though fully set forth herein.

41.   The acts and conduct of defendants alleged in the foregoing paragraphs constitute malicious prosecution under the laws of the State of New York.  This Court has pendent jurisdiction to hear and adjudicate such claims.

### COUNT SEVEN: RESPONDENT SUPERIOR LIABILITY
### (Defendant City of New York)

42.   Plaintiff repeats and realleges the allegations contained in paragraph 1-42 of this complaint, as though fully set forth herein.

43.   At all times pertinent here to, defendant police officers were acting within the scope of their employment as officers of the New York City Police Department.

44.   At all times pertinent here to, defendant employees of the New York City Department of Corrections were acting within the scope of their employment as employees of the New York City Department of Corrections.

45.   Defendant New York City, through its agents, expressly authorized the individual defendants JOHN DOE #1,  #2 and #3, to make arrests without probable cause, and to violate plaintiff's constitutional rights; knew, through its agents, that the defendant officers had a propensity for committing such illegal acts in the line of duty, and acquiesced in the defendants' wrongful conduct.

46.   Defendant New York City is liable under the doctrine of respondent superior, for the intentional torts of the individual defendants.

## COUNT EIGHT: NEGLIGENCE
### (All Defendants)

47. Plaintiff repeats and realleges the allegations contained in paragraph 1-47 of this complaint, as though fully set forth herein.

48. The individual defendants, while acting as agents and employees for New York City, owed a duty to plaintiff to perform their duties without violating plaintiff's constitutional rights. Defendants' actions constitute negligence for which the individual defendants are individually liable.

## COUNT NINE: NEGLIGENCE - NEW YORK CITY
### (Defendant New York City)

49. Plaintiff repeat and realleges the allegations contained in paragraph 1-49 of this complaint, as though fully set forth herein.

50. New York City owed a duty to plaintiffs to adequately screen prospective police officers, and to train and supervise and otherwise control its police officers in the use of their power to arrest, and other matters incidental to the exercise of police functions. New York City failed to provide adequate screening, training, supervision, and control of the individual defendants, which failure constitutes negligence.

51. New York City owed a duty to plaintiff to adequately screen prospective employees of the Department of Corrections, and to train and supervise and otherwise control said employees with respect to their assessing the validity of possible warrants which might form the basis for detaining citizens. New York City failed to provide adequate screening, training, supervision, and control of the individual defendants, which failure constitutes negligence.

## COUNT TEN: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

52.   Plaintiff repeats and realleges the allegations contained in paragraphs 1-52 of this complaint, as though fully set forth herein.

53.   By reason of the foregoing, defendants intentionally caused plaintiffs to suffer emotional distress.

**WHEREFORE,** Plaintiffs request the following relief:

a: Compensatory damages in the amount of $1, 000,000.00

b: Punitive damages in the amount of $1,000,000.00

c: Reasonable attorneys' fees and costs; and

d: Such other and further relief as appears reasonable and just.

Dated:   Brooklyn, New York
         October 3, 2007

_____
Heriberto A. Cabrera
Attorney for Plaintiff
5615 5th Avenue
Brooklyn, New York 11220
(718) 439-3600