

THE CITY OF NEW YORK

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

SABRINA TANN
Phone: (212) 442-8600
Fax: (212) 788-9776
stann@law.nyc.gov

January 8, 2008

**BY ECF**
Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl St., Room 650
New York, New York 10007

Re: <u>Maria Paulino a.k.a. Maria Delosangeles v. City of New York, et al.</u>, 07 CV 9233 (RMB) (RLE)[1]

Your Honor:

As the Assistant Corporation Counsel assigned to the defense of the above-referenced civil rights action, I write to respectfully request that defendants Raymond Kelly and the City of New York's time to answer or otherwise respond to the complaint in this action be enlarged thirty (30) days from January 8, 2008 to and including February 8, 2008. I have conferred with plaintiff's counsel, Heriberto A. Cabrera, Esq., and he consents to this request for an enlargement of time to respond to the complaint. Additionally, I write in advance of the initial conference currently scheduled for January 10, 2008 at 9:00 a.m., to provide the Court with the status of this matter.

As an initial matter, I apologize to the Court for this late request, however, it was not until today, that this Office was able to confirm that it would not be able to obtain the information necessary to respond to the complaint. As background, the complaint alleges, *inter alia*, that on August 29, 2006, several unidentified New York City police officers falsely arrested

---

[1] This case has been assigned to Assistant Corporation Counsel Katherine E. Smith, who is presently awaiting admission to the bar and is handling this matter under supervision. Ms. Smith may be reached directly at (212) 513-0462.

and subsequently maliciously prosecuted plaintiff in violation of her state and federal civil rights. By Order dated November 8, 2007, the Court granted defendants to and including today, January 8, 2008, to respond to the complaint.

An enlargement of time to respond to the complaint is necessary because it will allow this Office time to forward to plaintiff for her execution, a revised authorization pursuant to N.Y.C.P.L. § 160.50 for the release of her underlying prosecution documents and thereafter, time to obtain the relevant records from the criminal court. By letter dated November 14, 2007, this Office received an executed authorization for the release of plaintiff's records from her counsel.[2] However, the release authorized the unsealing of the prosecution records soley for "Maria Paulino". This Office forwarded the release to the criminal court for processing and when we received no response, we sent a representative from our Office to the court to copy the file. The clerk denied him access to the file. Today, I contacted the clerk by telephone at the Midtown Community Court, where plaintiff's criminal court file is located, and he informed me that he required a revised release authorizing the unsealing of plaintiff's file signed by plaintiff as both "Maria Paulino" and her alias "Maria Delosangeles". He advised that in cases such as this, where plaintiff has an alias, he was not authorized to release the file without an authorization identifying plaintiff's alias. The clerk further informed me that he would release the records immediately upon receiving a revised release.

As the Court may be aware, plaintiff's underlying criminal court file is necessary to this Office's investigation of plaintiff's claims in order to properly respond to the complaint and comply with our obligations under Fed. R. Civ. P. 11. That is especially true here, where plaintiff has not identified any officers who were involved in the alleged incident. Additionally, here, it appears that plaintiff was only issued a summons and therefore, upon information and belief, there is no arrest paperwork. Further, today, by facsimile, I transmitted a revised release form to plaintiff's counsel, which identifies plaintiff's alias and provides a separate signature line for her alia, in accordance with the criminal court's requirements. This Office will obtain the file immediately after plaintiff executes and returns the revised release form to us.

This is defendants' second request for an enlargement of time. Accordingly, for the reasons set forth herein, defendants Raymond Kelly and the City of New York respectfully request that their time to answer or otherwise respond to the complaint in this action be enlarged thirty (30) days from January 8, 2008 to and including February 8, 2008.

---

[2] A copy of the executed 160.50 release is annexed hereto for the Court's convenience.

I thank Your Honor for considering the within request.

Respectfully submitted,

Sabrina Tann (ST 2552)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:    **BY FACSIMILE**
       Heriberto A. Cabrera, Esq.
       Counsel for plaintiff
       5615 5th Avenue
       Brooklyn, N.Y. 11220
       Fax: (718)-439-1452

## DESIGNATION OF AGENT FOR ACCESS TO SEALED
## RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, Maria Paulino, Date of Birth _6/26/64_ SS# _- none_
pursuant to CPL § 160.50[1][d], hereby designate MICHAEL A. CARDOZO, Corporation
Counsel of the City of New York, or his authorized representative, as my agent to whom records
of the criminal action terminated in my favor entitled People of the State of New York v.Maria
Paulino, Docket No. or Indictment No. _2006SC011415_, in _Criminal_ Court, County of
_New York_, State of New York, relating to my arrest on or about August 29, 2006, may be
made available.

I understand that until now the aforesaid records have been sealed pursuant to
CPL § 160.50, which permits those records to be made available only (1) to persons designated
by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom
the records may be made available is not bound by the statutory sealing requirements of CPL
§ 160.50.

The records to be made available to the person designated above comprise all
records and papers relating to my arrest and prosecution in the criminal action identified herein
on file with any court, police agency, prosecutor's office or state or local agency that were
ordered to be sealed under the provisions of CPL § 160.50.

_Maria Paulino_
Maria Paulino

STATE OF NEW YORK          )
                           : SS.:
COUNTY OF                  )

On this _8_ day of _November_, 2007, before me personally came Maria Paulino, to me
known and known to me to be the individual described in and who executed the foregoing
instrument, and she acknowledged to me that she executed the same.

NOTARY PUBLIC

MARIDERTO A. CABRERA
Notary Public, State of New York
No. 02CA5043755
Qualified in Kings County
Commission Expires _1/25/10_