UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MARIA PAULINO a/k/a MARIA DELOSANGELES,

                                        Plaintiff,      **ANSWER TO COMPLAINT**

                  -against-                      07 CV 9233 (RMB)

THE CITY OF NEW YORK; RAYMOND W. KELLY,      Jury Trial Demanded
Individually as commissioner of the New York City Police
Department, JOHN DOE #1, #2 and #3, unknown
employees of the New York City Police Department,
individually and as police officers and supervising police
officers in the City of New York

                                      Defendants.

------------------------------------------------------------------------x

        Defendants CITY OF NEW YORK and RAYMOND KELLY, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.        Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.        Deny the allegations set forth in paragraph "2" of the complaint.

        3.        Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        4.        Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction and proceed as stated therein.

        5.        Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to invoke the Court's pendant jurisdiction as stated therein.

        6.        Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff requests a trial by jury as stated therein.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and respectfully refer the Court to the New York City Charter and the Administrative Code for the relationship between the City and the New York City Police Department.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Raymond Kelly is employed by the City of New York as Commissioner of the New York City Police Department and state that the allegations regarding "acting under the color of law" are conclusions of law, rather than averments of fact and accordingly, no response is required.

11. Deny the allegations set forth in paragraph "11" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified individuals and state that the allegations regarding "acting under color of state law" are conclusions of law, rather than averments of fact and accordingly, no response is required.

12. The allegations set forth in paragraph "12" of the complaint are conclusions of law, rather than averments of fact and accordingly, no response is required.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that the New York City Comptroller's Office received a document purporting to be a

Notice of Claim on or about January 30, 2007 the claim has not been settled, and that the complaint in this action was filed on or about October 15, 2007.

15. Admit the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "27" of this answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in the paragraph denominated "31" of the complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "30" of this answer as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in the paragraph denominated "33" of the complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "32" of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in the paragraph denominated "36" of the complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "35" of this answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in the paragraph denominated "38" of the complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "37" of this answer as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in the paragraph denominated "40" of the complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "39" of this answer as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in the paragraph denominated "42" of the complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "41" of this answer as if fully set forth herein.

43. The allegations set forth in paragraph "43" of the complaint are conclusions of law, rather than averments of fact and accordingly, no response is required.

44. The allegations set forth in paragraph "44" of the complaint are conclusions of law, rather than averments of fact and accordingly, no response is required.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in the paragraph denominated "47" of the complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "46" of this answer as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. In response to the allegations set forth in the paragraph denominated "49" of the complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "48" of this answer as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. In response to the allegations set forth in the paragraph denominated "52" of the complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "51" of this answer as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

54. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

55. Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

56. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

57. At all times relevant to the acts alleged in the complaint, any police officers and/or correction officer acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

58. Plaintiff may have failed to comply with conditions precedent to suit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

60. The actions of any police officers and/or correction officers involved were justified by probable cause and/or reasonable suspicion.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

61. Defendant Raymond Kelly has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

62. Plaintiff provoked any incident.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

63. At all times relevant to the acts alleged in the complaint, the duties and functions of the defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

64. Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

65. Defendant Raymond Kelly had no personal involvement in the incident alleged in the complaint.

**WHEREFORE,** defendants City of New York and Raymond Kelly request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           February 8, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the City of New York
                              Attorney for Defendants City of New York and
                              Raymond Kelly
                              100 Church Street, Rm. 3-221
                              New York, New York 10007
                              (212) 442-8600

                     By: _____
                              Sabrina Tann (ST 2552)
                              Assistant Corporation Counsel
                              Special Federal Litigation

To:     Heriberto A. Cabrera, Esq.
        Attorney for Plaintiff
        5616 5th Avenue
        Brooklyn, New York 11220

07 CV 9233 (RMB)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| MARIA PAULINO a/k/a MARIA DELOSANGELES,<br><br>                                             Plaintiff,<br><br>                      -against-<br><br>THE CITY OF NEW YORK; RAYMOND W. KELLY, Individually as commissioner of the New York City Police Department, JOHN DOE #1, #2 and #3, unknown employees of the New York City Police Department, individually and as police officers and supervising police officers in the City of New York<br><br>                                           Defendants. |
| **ANSWER TO THE COMPLAINT** |
| ***MICHAEL A. CARDOZO***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants CITY OF NEW YORK and*<br>*RAYMOND KELLY*<br>*100 Church Street*<br>*New York, New York 10007*<br><br>*Of Counsel: Sabrina Tann*<br>*Tel: (212) 442-8600* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ..........................................,2008*<br><br>*.................................................................. Esq.*<br><br>*Attorney for ..................................................* |